IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 20-03185-CV-S-MDH |
| ) | |
| ADRIAN DOWER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the Government's Petition to Determine Present Mental Condition of an Imprisoned Person. (Doc. 1). The Magistrate judge prepared a Report and Recommendation recommending that Defendant be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. The Report and Recommendation is hereby adopted and it is **ORDERED** that Defendant be committed pursuant to § 4246.

The Report and Recommendation is incorporated herein. On January 5, 2018, after pleading guilty to four counts of Threatening to Murder a United States Judge, Defendant was sentenced to imprisonment for time served followed by three years of supervised release by the United States District Court for the Western District of Washington. While Defendant was serving that supervised release, he admittedly failed to reside in a residential reentry center and failed to take medications as prescribed, and on May 20, 2020, the court revoked the supervised release and sentenced him to 13 months of imprisonment. (Doc. 1-1 at 2.) Since November 22, 2019, he has been confined at the Medical Center for Federal Prisoners (MCFP) in Springfield, Missouri. In light of his pending release date, an evaluation under Section 4246 was conducted. Attached to the petition is the June 16, 2020 Risk Assessment Report of a panel of medical professionals at

the MCFP. (Doc. 1-3.)

The panel evaluated Defendant and concluded that he should be civilly committed under Section 4246. *Id*. at 15. They diagnosed him with the mental disease of Schizophrenia, in partial remission with medication. *Id*. at 13. He has a lengthy history of delusional beliefs and hallucinations that the government is controlling him via satellites and computers, which force him to commit crimes and make him want to harm women and children, as well as bizarre behaviors such as smearing feces on his face and the walls. *Id*. at 4-7, 10. Despite compliance with psychiatric medication since his arrival at the MCFP, Defendant "continues to experience residual symptoms of psychosis" such as paranoid ideation. *Id*. at 15. Notably, at his interview with the panel on April 22, 2020, he became increasingly angry when questioned, yelled at the panel, made "nonsensical and paranoid-sounding statements," would not calm down and initially would not leave the room when directed to do so. *Id*. at 12-13. During the interview, he denied experiencing any symptoms of mental illness since 2000, denied any history of violent or threatening behavior and denied any history of using substances, evidencing his current lack of insight into his mental illness. *Id*. at 12, 15.

The panel also discussed Defendant's history of violence, including convictions for assault, robbery of a convenience store, bank robbery and threatening government officials, along with incidents of hitting a cell mate and spitting feces at staff while in custody. *Id*. at 8-9, 14. Furthermore, Defendant's delusional beliefs and paranoid ideation appear to precipitate his violent behavior. *Id*. at 14-15.

Considering the above risk factors, as well as his "significant history of using illicit drugs and alcohol," his history of instability in the community, and his history of poor compliance with treatment, the panel concluded Defendant "would pose a substantial risk of bodily injury to

another person or serious damage to the property of another as a result of his mental illness if he were to be released" and recommended civil commitment under Section 4246. *Id*. at 15.

On Defendant's motion, John Randall Brandt, Ph.D., Licensed Clinical Psychologist, attempted to conduct an additional psychological evaluation of Defendant. (Doc. 6.) Dr. Brandt attempted to conduct an interview, but Defendant left after only a few minutes, Stating "he needs to be civilly committed." *Id*. at 1-2. Based upon this "briefest" clinical interview and a review of records, Dr. Brandt diagnosed Defendant with schizophrenia. *Id*. at 6. Noting multiple risk factors, including Defendant's history of violence, history of substance use, history of poor treatment/supervision response, lack of insight, and recent symptoms, he opined that Defendant is currently unstable, and "when unstable, his risk of dangerousness due to mental illness is substantial." *Id*. at 8. Thus, like the panel, Dr. Brandt concluded that "because of [Defendant's] mental disease, his release would create a substantial risk of bodily injury to another person or serious damage to the property of another, and for which he is in need of custody, care or treatment in a suitable facility." *Id*.

On January 12, 2021, the undersigned conducted an evidentiary hearing via Zoom video teleconferencing. (Doc. 15.) Defendant and his attorney, David Mercer, appeared, and the Government was represented by Shane McCullough. Defendant testified and was asked if he thinks he has a mental illness, to which he replied, "I don't experience symptoms." (Doc. 16 at 3.) He stated that he is taking medication involuntarily and hasn't noticed any benefit. *Id*. at 4. Defendant said he resides on a locked unit and has had no disciplinary issues. *Id*. at 4-5. Lastly, Defendant claimed he would not be a danger if released. *Id*. at 5.

Defendant, by counsel, excepts to the Report and Recommendation on that grounds that there is not clear and convincing evidence that Mr. Dower "is presently suffering from a mental

disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." (Doc. 18) (citing 18 U.S.C. § 4246). This Court disagrees. The Risk Assessment Panel and Dr. Brandt agreed that Defendant suffers from schizophrenia, with persistent paranoid ideation that remains active despite involuntary medication compliance and causes angry and aggressive behavior. And, due to his poor insight as to his illness, the likelihood is high that, if released, he would not comply with treatment and medication and would use substances, resulting in the conclusion that his commitment under Section 4246 is warranted. Defendant's testimony evidences his lack of insight and does not alter these conclusions.

## CONCLUSION

The Report and Recommendation is adopted over Defendant's objection. It is **ORDERED** that Defendant be committed to the custody of the Attorney General in accordance with 18 U.S.C. § 4246(d).

**IT IS SO ORDERED.**

Dated: February 12, 2021  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**